IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAWRENCE T. BROWN,
Inmate No. 2015-1558,
     Plaintiff,

vs.                          Case No.: 5:15cv294/MMP/EMT

WARDEN ANGLIN, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's Motion for Temporary Restraining Order ("TRO") (ECF No. 9).  Plaintiff initiated this action by filing a civil rights complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 against officials at the Bay County Jail.

Plaintiff alleges in his complaint that he is not allowed to access his legal materials because they are locked in the office of Defendant Holland, who is described as being in charge of "Quality Insurance" at the jail.  As a result, he alleges, he is not able to work on his criminal case.  Plaintiff seeks monetary damages as well as injunctive relief to have his legal materials made available.

In the instant motion, Plaintiff states in an affidavit (ECF No. 9 at 3) that on October 31, 2015, when he asked about his legal materials having been confiscated

two days earlier, a Lieutenant Lilly—who is not a party to this action—confronted him and told him to "shut up" about the matter.  Plaintiff states that he persisted and that as a result he was physically and sexually assaulted by four officers whom he does not identify.  Plaintiff states he was then "hog-tied" and left naked in his cell for nine hours.  Plaintiff states he later found blood in his stool, but that after he reported the incident and a rape kit was used for evidence collection, he was charged with providing a false report of sexual battery against a law enforcement officer.  Plaintiff states that this charge was later dropped.  Plaintiff also states that he is on suicide prevention watch, although it is hard to determine from his allegations whether he considers this a positive or negative turn of events.

Accordingly, Plaintiff seeks 1) a restraining order against Lieutenant Officer Lilly and Corporal Maestro (whom he only passingly identifies as an officer responsible for taking his legal materials), presumably to prevent them from coming into contact with Plaintiff; 2) a hearing so that Plaintiff can prove he was abused; and 3) a prison transfer.

The purpose of a TRO or preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of a TRO rests in the discretion of the district court.  *See* Carillon

Case 5:15-cv-00294-WTH-EMT   Document 13   Filed 06/27/16   Page 3 of 5

Page 3 of  5

Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997)

(citation omitted).  The district court, however, must exercise its discretion in light of

whether:

> 1.    There is a substantial likelihood that Plaintiff will prevail on the merits;
>
> 2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
>
> 3.    The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and
>
> 4.    The granting of the preliminary injunction will not disserve the public interest.

See CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir.

2001) (citation omitted; Carillon Imp., Ltd., 112 F.3d at 1126.  "A preliminary

injunction is an extraordinary and drastic remedy not to be granted unless the movant

clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broad.,

Inc., 265 F.3d at 1200 (citation omitted).  Because the purpose of preliminary

injunctive relief is to preserve the status quo between the parties and to prevent

irreparable injury until the merits of the lawsuit itself can be reviewed, the relief

sought in the motion must be closely related to the conduct complained of in the actual

complaint.  Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185

(10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must

Case No.:  5:15cv294/MMP/EMT

be parties to the underlying action.  *See* <u>In re Infant Formula Antitrust Litig., MDL</u> <u>878 v. Abbott Lab.</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

While Plaintiff's allegations would indeed describe a serious transgression if proven true, they nonetheless do not provide a basis for granting preliminary injunctive relief in this action.  First, the conduct of which he mainly complains, the alleged sexual assault, does not relate to the allegations of the complaint, which simply involve access to legal materials.  While it is evident that the assault occurred around the time Plaintiff was requesting his legal materials, a sexual assault is decidedly another matter, and it is one that, were Plaintiff to elect to pursue it, should be presented in a separate lawsuit.  Additionally, none of the officers identified in Plaintiff's motion are Defendants in Plaintiff's complaint, as the above case law requires.  It would be inappropriate to grant Plaintiff injunctive relief against non-party officers who would have had no opportunity to be heard on Plaintiff's claims and allegations.

As it concerns his apparent request for a prison transfer, especially at this early stage of the litigation, granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate.  Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.

Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224

(1974), *overruled on other grounds,* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct.

1874, 104 L. Ed. 2d 459(1989); Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293,

132 L. Ed. 2d 418 (1995); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir.

1982).  Finally, as detailed in the court's separate order requiring Plaintiff to amend

his complaint, there is no substantial likelihood that Plaintiff will prevail on the his

claims.  Therefore, his request for a TRO should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Temporary Restraining Order (ECF No. 9) be

**DENIED**.

At Pensacola, Florida, this 27th day of June 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**